**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1462
_____

KASON JAMISON,
Appellant

v.

CHRISLYN MORGAN; JORGE COONS; NANCY RIDGEWAY; JANNETTE
MURRAY; DAWN DOUGHERTY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:24-cv-10154)
District Judge:  Honorable Edward S. Kiel

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2025
Before: KRAUSE, PHIPPS, and ROTH, *Circuit Judges*

(Opinion filed: April 1, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kason Jamison appeals pro se from the District Court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm the District Court's decision.

In October 2024, Jamison initiated a federal civil rights action in the District Court. Jamison included no specific factual allegations against any of the named defendants in his complaint — state court judges, court employees, and the mother of his child. However, it appeared that Jamison sought to raise civil rights claims based on his dissatisfaction with various orders relating to child support and custody proceedings in New Jersey state court. After granting Jamison leave to proceed in forma pauperis, the District Court screened and dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), explaining that his sparse allegations failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Jamison timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's decision to dismiss a complaint under Rule 8 of the Federal Rules of Civil Procedure for abuse of discretion, *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019), and we exercise plenary review over the dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court appropriately dismissed Jamison's complaint, as it was largely incomprehensible. Although Jamison seemed to disagree with the outcome of various state court proceedings and made general arguments about the jurisdiction of the state court, his complaint contained no factual allegations of any action taken by any defendant

2

that allegedly violated his rights and thus failed to put any defendant on notice of potential claims against them. *See Garrett*, 938 F.3d at 93 ("[A] pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8.") (internal quotation marks and citation omitted).

Further, granting Jamison leave to amend would have been futile under the circumstances of this case. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002). Jamison includes new allegations for the first time on appeal regarding the procedural history of his state court proceedings. However, even if he had raised these allegations in an amended complaint, they would not have survived dismissal. Jamison cannot bring claims under 42 U.S.C. § 1983 against the mother of his child, as she is a private actor. *See Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169-71 (3d Cir. 2004). The state court judges are entitled to absolute judicial immunity for their decisions in Jamison's proceedings, as it appears that Jamison disagrees with those decisions but has not provided factual allegations that could show that the judges engaged in nonjudicial acts or took actions "in the complete absence of all jurisdiction." *See Mireles v. Waco*, 502 U.S. 9, 9, 12 (1991) (per curiam). Jamison's only mention of the remaining defendants vaguely suggests that they somehow conspired against him or failed to respond to documents he sent them at unidentified times, which would not be sufficient to state a claim upon which relief could be granted.

For these reasons, we will affirm the District Court's order.[1]

---

[1] Jamison's motion to expedite this appeal is denied.